SILVER & SILVER
By:  Joseph F. Schwartz, Esquire
Identification No.: 87550
42 W. Lancaster Ave., Third Floor
Ardmore, PA 19003
(610) 658 – 1900                                                                          Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carmen Romero and Eric Wright (h/w) | : | Civil Action |
| v. | : | |
| Interstate Commercial Real Estate, Inc. | : | No. |
| and | : | |
| Starbucks Corporation | : | |
| and | : | |
| SDi LLC | : | |
| and | : | |
| John Doe 1 | : | |
| and | : | |
| John Doe 2 | : | |
| and | : | |
| John Doe 3 | : | |

**CIVIL ACTION**
**COMPLAINT**
**PREMISES LIABILITY**

1. Plaintiff Carmen Romero (hereinafter referred to as "Ms. Romero") is an adult individual residing at 766 Edden Court, Southampton, PA 18966 and is a resident and citizen of Pennsylvania.

2. Plaintiff Eric Wright (hereinafter referred to as "Mr. Wright") is an adult individual residing at 766 Edden Court, Southampton, PA 18966 and is a resident and citizen of Pennsylvania.

3. At all relevant times, Plaintiffs Carmen Romero and Eric Wright are and have been legally married to one another.

4. Defendant Interstate Commercial Real Estate, Inc. (hereinafter "Defendant Interstate") is a New Jersey Corporation, with its headquarters at 14000 Horizon Way #100, Mt. Laurel Township, NJ 08054.

5. Defendant Starbucks Corporation is a Washington corporation, with its headquarters at 2401 Utah Avenue South, Suite 800, Seattle, WA 98134.

6. Defendant SDi LLC (hereinafter "Defendant SDi") is a New Jersey Corporation, with its headquarters at 14000 Horizon Way #100, Mt. Laurel Township, NJ 08054.

7. Defendants John Doe 1, John Doe 2 and John Doe 3 are individuals or business entities responsible for snow and ice safety on the premises on the date of the accident, if not already identified as one of the previously named Defendants.

8. Regarding the three Doe defendants:

    (a) Defendants' actual names are unknown to the plaintiff after having conducted a reasonable search with due diligence;
    (b) the Doe designations are fictitious;
    (c) a factual description of the unknown defendants is averred with sufficient particularity for identification; and
    (d) a reasonable search to determine their actual names has been conducted.

9. Venue is proper because Defendant Interstate has continuous and systematic affiliations in the Eastern District of Pennsylvania and registered itself with the Pennsylvania Corporations Bureau to do business in the Commonwealth of Pennsylvania since March 10, 2005.

10. Defendant Interstate manages a shopping center on South Broad Street in Philadelphia called Jackson Plaza.

11. Defendant Interstate manages a shopping center on Wayne Avenue in Philadelphia called Germantown Plaza.

12. Defendant Interstate manages a shopping center on South Broad Street in Philadelphia called Stadium Plaza.

13. Pursuant to 42 Pa.C.S.A. Section 5301(a)(2), by registering to do business in the Commonwealth of Pennsylvania, Defendant Interstate has consented to general personal jurisdiction in Pennsylvania.

14. Venue is proper because Defendant Starbucks has continuous and systematic affiliations in the Eastern District of Pennsylvania and can be served here at its regular place of business, a coffee shop which it operates at 57-63 N. 3rd Street, Philadelphia, PA 19106.

15. Venue is proper because the amount in controversy is in excess of $75,000, exclusive of interests and costs.

16. Venue is proper because Plaintiffs are citizens of Pennsylvania and there is complete diversity of citizenship between the Plaintiffs and Defendants in this matter.

17. This matter arises out of an accident which occurred on or about February 13, 2021, at approximately 8:00 p.m., due to a slip and fall on ice in a parking lot of a Starbucks located at 512 Haddonfield Road, Cherry Hill, NJ 08002 in the Chapel Plaza Shopping Center (hereinafter referred to as "the premises").

18. At times material hereto, Defendant Interstate and/or Defendant SDi was the property manager for the Chapel Plaza Shopping Center where the premises is located.

19. At all times material hereto, Defendants Interstate, Starbucks and/or Defendant SDi owned, managed, operated, possessed, maintained, and/or controlled the premises and were responsible for keeping it safe for business visitors.

20. At all times material hereto, Defendants acted by and through their duly authorized agents, servants, workmen, and/or employees, acting within the scope of their authority and employment and in the course of Defendants' respective businesses.

21. At all times relevant hereto, Ms. Romero was a business invitee and/or licensee lawfully upon the premises.

22. On or about February 13, 2021, at approximately 8:00 p.m., Ms. Romero was a customer at the Starbucks located on the premises.

23. At that time, the Starbucks was open for business.

24. At the aforementioned time and place, as Ms. Romero exited Starbucks after purchasing food and beverage, she slipped and fell on black ice in the parking lot.

25. Ms. Romero was not able to take the most direct route back to her car because an employee of Defendant Starbucks failed to properly salt the sidewalk in front of the store, for which Defendant Starbucks was responsible.

26. Upon information and belief, Defendant Starbucks was aware of the black ice in the parking lot and on the sidewalk, but failed to warn its customers, including Ms. Romero, or put out signs or cones.

27. Upon information and belief, Defendant Starbucks was aware of the black ice in the parking lot and sidewalk, but failed to inform the appropriate property manager and/or snow and ice maintenance company of the hazard to Defendant Starbucks' customers, including Ms. Romero.

28. At the time of the accident there was no active precipitation.

29. As a result of this accident, Ms. Romero suffered serious personal injuries to her head, neck, jaw, back, and wrist, including, but not limited to, significant cervical spine disc herniations.

30. At all times material hereto, Defendants owed a duty to Ms. Romero to keep the premises, including the parking lot, free from any unreasonably dangerous or hazardous conditions.

31. At all times material hereto, Defendants owed a duty to Ms. Romero to inspect the premises, including the parking lot, for any dangerous or hazardous conditions.

32. At a time prior to the incident, Defendants had constructive and/or actual notice of the dangerous condition of the parking lot, which caused the accident.

33. At all times material hereto, Ms. Romero acted in a reasonable and prudent manner and was free from any comparative negligence.

34. At the time of the incident, Defendants breached the duty of care owed to Ms. Romero as a business invitee and/or licensee.

35. At all times material hereto, Ms. Romero did not assume the risk of her injuries.

36. The aforementioned incident and the resulting injuries and/or damages sustained by Ms. Romero directly and proximately resulted from the negligence of Defendants, whose conduct consisted of, but was not limited to, the following:

    a. Failing to keep the parking lot free from hazardous ice;

    b. Failing to regard the rights, safety, and position of the Plaintiff in and about the area of the aforementioned incident;

    c. Hiring individuals and/or companies to provide snow and ice removal services at the premises who lacked sufficient training, equipment, skill, experience, and dedication to provide those services safely;

d. Negligently retaining and/or supervising individuals and/or companies to provide snow and ice removal services at the premises who lacked sufficient training, equipment, skill, experience, and dedication to provide those services safely;

e. Permitting an extremely hazardous condition to exist at the premises where the Defendants knew of, or should have known of, the dangerous conditions that existed;

f. Failing to have a reasonable snow and ice management plan for the parking lot of the premises;

g. Failing to take corrective action to change snow and ice maintenance procedures and practices when Defendants were aware that procedures and practices in place were not sufficient to keep the premises reasonably safe;

h. Failing to inspect the premises in the area of the aforementioned accident in a reasonable, adequate, and prudent manner;

i. Allowing a patch of ice to form and remain in the area where Ms. Romero fell;

j. Failing to apply, or adequately apply, a frictional substance, salt, and/or another material to the area where Ms. Romero fell so as to lessen or eliminate the hazardous and dangerous condition caused by aforementioned ice;

k. Failing to warn the public in general, and Ms. Romero in particular, of the aforementioned ice and the dangerous and hazardous conditions caused by it;

l. Failing to notify the individuals responsible for maintaining snow and ice safety in the parking lot of the hazardous conditions in the parking lot prior to the accident;

    m. Permitting and inviting Ms. Romero to walk in and about the area of the accident when Defendants knew or should have known of the dangerous conditions which existed;

    n. Failing to issue adequate warning signs, barriers, and/or barricades in an effort to alert business invitees and/or licensees of the dangerous condition of the parking lot;

    o. Failing to issue any warning, verbal or written, of the dangerous condition of the parking lot where business invitees and/or licensees walk;

    p. Leaving snow in and around the parking lot in locations that allowed the snow to melt and then refreeze on the blacktop, causing a dangerous artificial condition;

    q. Failing to take adequate precautions to prevent piles of snow in and around the parking lot from melting and then refreezing, forming a dangerous artificial condition;

    r. Failing to plan for the foreseeable condition of ice forming in the parking lot and failing to take reasonable measures to prevent this dangerous condition from forming; and

    s. Failing to utilize reasonable care in the inspection, maintenance, and/or repair of the premises in question.

37. As a direct and proximate result of Defendants' tortious conduct, Ms. Romero has suffered and will in the future continue to suffer great pain, agony, mental anguish, and loss of life's pleasures, embarrassment and humiliation and has been and will in the future be hindered and prevented from attending to her regular activities to her great detriment and loss.

38. As a direct and proximate result of Defendants' tortious conduct, Ms. Romero has incurred bills for medical treatment in excess of $20,000 and will or may incur bills for additional medical treatment in the future.

39. As a further result of Defendants' tortious conduct, Ms. Romero has incurred and will incur in the future other financial losses, including lost wages and reduced earning capacity.

## COUNT I – NEGLIGENCE
**Carmen Romero v. Defendant Interstate Commercial Real Estate, Inc.**

40. The preceding paragraphs are incorporated by reference as if fully set forth below.

WHEREFORE, Plaintiff Carmen Romero respectfully requests this Honorable Court to enter a judgment in her favor and against Defendant Interstate Commercial Real Estate, Inc. in an amount in excess of seventy-five thousand ($75,000.00) dollars in addition to interests, costs, and delay damages to the full extent available under the law.

## COUNT II – NEGLIGENCE
**Carmen Romero v. Defendant Starbucks Corporation**

41. The preceding paragraphs are incorporated by reference as if fully set forth below.

WHEREFORE, Plaintiff Carmen Romero respectfully requests this Honorable Court to enter a judgment in her favor and against Defendant Starbucks Corporation in an amount in excess of seventy-five thousand ($75,000.00) dollars in addition to interests, costs, and delay damages to the full extent available under the law.

## COUNT III – NEGLIGENCE
**Carmen Romero v. Defendant SDi LLC**

42. The preceding paragraphs are incorporated by reference as if fully set forth below.

WHEREFORE, Plaintiff Carmen Romero respectfully requests this Honorable Court to enter a judgment in her favor and against Defendant SDi LLC in an amount in excess of seventy-

five thousand ($75,000.00) dollars in addition to interests, costs, and delay damages to the full extent available under the law.

### COUNT IV – NEGLIGENCE
### Carmen Romero v. Defendant John Doe 1

43. The preceding paragraphs are incorporated by reference as if fully set forth below.

WHEREFORE, Plaintiff Carmen Romero respectfully requests this Honorable Court to enter a judgment in her favor and against Defendant John Doe 1 in an amount in excess of seventy-five thousand ($75,000.00) dollars in addition to interests, costs, and delay damages to the full extent available under the law.

### COUNT V – NEGLIGENCE
### Carmen Romero v. Defendant John Doe 2

44. The preceding paragraphs are incorporated by reference as if fully set forth below.

WHEREFORE, Plaintiff Carmen Romero respectfully requests this Honorable Court to enter a judgment in her favor and against Defendant John Doe 2 in an amount in excess of seventy-five thousand ($75,000.00) dollars in addition to interests, costs, and delay damages to the full extent available under the law.

### COUNT VI – NEGLIGENCE
### Carmen Romero v. Defendant John Doe 3

45. The preceding paragraphs are incorporated by reference as if fully set forth below.

WHEREFORE, Plaintiff Carmen Romero respectfully requests this Honorable Court to enter a judgment in her favor and against Defendant John Doe 3 in an amount in excess of seventy-five thousand ($75,000.00) dollars in addition to interests, costs, and delay damages to the full extent available under the law.

## COUNT VII – NEGLIGENCE
### Loss of Consortium
### Eric Wright v. All Defendants

46. The preceding paragraphs are incorporated by reference as if set forth fully below.

47. As a further result of the aforesaid negligence of Defendants Interstate, Starbucks, SDi, John Doe 1, John Doe 2, and John Doe 3, Mr. Wright has been, or will be in the future, required to expend various sums of money for medicine and medical attention in or about endeavoring to treat and cure his wife of the injuries she sustained as aforesaid.

48. As a further result of the injuries sustained by his wife, Mr. Wright has been in the past and will be in the future deprived of the assistance, companionship, consortium and society of his wife, all of which has been and will be to his great damage and loss.

WHEREFORE, Plaintiff Eric Wright respectfully requests this Honorable Court to enter judgment in his favor and against Defendants Interstate Commercial Real Estate, Starbucks Corporation, SDi LLC, John Doe 1, John Doe 2, and John Doe 3 in an amount in excess of seventy-five thousand ($75,000.00) dollars in addition to interests, costs, and delay damages to the full extent available under the law.

SILVER & SILVER

By: *Joseph F. Schwartz, Esq.*
Joseph F. Schwartz, Esquire
Attorney for Plaintiffs

Date: January 18, 2023